Joseph X. BETHEA, Appellant,

v.

Joseph J. REID, Agent, Federal Bureau of Investigation, Newark, New Jersey, et al., Appellees.

No. 19323.

United States Court of Appeals, Third Circuit.

Submitted on Briefs March 17, 1971.

Decided July 27, 1971.

**1164**

Joseph X. Bethea, pro se.

Marc L. Dembling, Asst. U. S. Atty., Newark, N. J. (Frederick B. Lacey, U. S. Atty., Newark, N. J., on the brief), for appellees.

Before ADAMS and GIBBONS, Circuit Judges, and WHIPPLE, District Judge.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

This is an appeal from an order dismissing the plaintiff's complaint, which seeks damages for violations of fourth and fifth amendment rights allegedly committed by federal officials.

In 1968 appellant was convicted on three counts of bank robbery under 18 U.S.C. § 2113(a), (b) and (d) (1964). On March 4, 1970, he filed the complaint in this action charging that three agents of the Federal Bureau of Investigation and an Assistant United States Attorney had conspired to violate his civil and constitutional rights by using perjured testimony to obtain his conviction and by seizing certain property in violation of the fourth amendment. On August 4, 1970, the district court granted a motion by the defendants, the F.B.I. agents and the Assistant United States Attorney, dismissing the complaint. The district court set forth four grounds for its action, which we will discuss separately.

First, it rejected the plaintiff's contention that 42 U.S.C. §§ 1983 and 1985 (1964) give him a cause of action for damages in the circumstances alleged. These were federal officers acting under color of federal law, and that ruling was correct. *See, e. g.,* Jobson v. Henne, 355 F.2d 129 (2nd Cir. 1966); Norton v. McShane, 332 F.2d 855 (5th Cir. 1964), cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965).

Next, the district court held that the fourth and fifth amendments do not themselves provide any basis for the award of damages as a matter of federal law. In reaching this conclusion chief relience was placed upon the opinion of Judge Lombard in the Second Circuit. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 409 F.2d 718 (2nd Cir. 1969). The *Bivens* case was reversed by the Supreme Court on June 21, 1971. It is now clear that a damage action lies for violations by federal officers of rights guaranteed by the fourth amendment.

"Having concluded that petitioner's complaint states a cause of action under the Fourth Amendment, *supra*, pp. 2001–2004, we hold that petitioner is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment."

Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (U.S. June 21, 1971).

▮ Next, the district court held that even if a damage action could be implied from the fourth and fifth amendments, plaintiff's complaint should be dismissed because it is broad and conclusory, and fails to state adequate factual allegations in support of its conclusions. We believe that this *pro se* complaint, inartistic as are most such *pro se* pleadings, nevertheless does make factual allegations sufficient to withstand a motion to dismiss. It alleges the approximate time, place and manner of the unlawful searches, and it identifies the parties and the approximate time of the alleged conspiracy to induce perjury. Thus the complaint does set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" within the requirements of Rule 8(a)(2), Fed.R.Civ.P., and the defendants should have no trouble forming a responsive pleading.[1]  *Cf.* Gaito v. Ellenbogen, 425 F.2d 845 (3rd Cir. 1970).

▮▮ Finally, the district court held that the complaint against the Assistant United States Attorney must be dismissed because as such he is immune from suit. This holding was not applied to the Agents of the Federal Bureau of Investigation. The court did not specify whether that immunity arose because the Assistant United States Attorney was a federal employee acting within the perimeter of his official duties, or because he is a judicial officer. The application of immunity of federal employees from suits for damages arising out of violations of the fourth amendment was expressly reserved by the Court in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, *supra*, 403 U.S. 388, 91 S.Ct. 1999. In his concurring opinion Justice Harlan wrote:

"And the countervailing interests in efficient law enforcement of course argue for a protective zone with respect to many types of Fourth Amendment violations. *Cf.* Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) (opinion of Harlan, J.). But, while I express no view on the immunity defense offered in the instant case, I deem it proper to venture the thought that at the very least such a remedy would be available for the most flagrant and patently unjustified sorts of police conduct." 403 U.S. at 411, 91 S.Ct. at 2012.

This dictum does not, of course, apply to judicial immunity, since in *Bivens* the Court was dealing only with enforcement agents and not with an assistant prosecutor. There is authority supporting the immunity of United States Attorneys. Norton v. McShane, *supra*; United States v. Faneca, 332 F.2d 872 (5th Cir. 1964); Yaselli v. Goff, 12 F.2d 396 (2nd Cir. 1926), aff'd per curiam, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927). In Barr v. Matteo, 360 U.S. 564, 569, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), the Supreme Court expressly approved Yaselli v. Goff, *supra*, pointing out that the duties of the defendant, a Special Assistant to the Attorney General, were related to the judicial process. This circuit held, in Bauers v. Heisel, 361 F.2d 581 (3rd Cir. 1965), that a State prosecuting attorney was *immune* from suit under the Civil Rights Act, 42

---

1. No answer was filed. The United States Attorney moved on behalf of the defendants to dismiss the complaint and in the alternative for summary judgment. The district court noted that affidavits by the defendants undermined the allegations of the complaint, but did not enter summary judgment for the defendants under Rule 56, Fed.R.Civ.P. We express no opinion as to the appropriateness of a summary disposition.

**1166**

U.S.C. § 1983 (1964). Writing for the Court *en banc* Judge Staley said:

"In deciding the question of whether a prosecuting attorney is liable for acts done in his official capacity, we must decide whether his duties are sufficiently judicial to cloak him with the same immunity afforded judges or are so closely related to those duties of law enforcement officials as to amerce him with potential civil liability for his imprudent actions. * * * Analogy could support either conclusion, but we believe that both reason and precedent require that a prosecuting attorney should be granted the same immunity as is afforded members of the judiciary. The reasons are clear: his primary responsibility is essentially judicial—the prosecution of the guilty and the protection of the innocent, Griffin v. United States, 295 F. 437, 439–440 (C.A.3, 1924); his office is vested with a vast quantum of discretion which is necessary for the vindication of the public interest. In this respect, it is imperative that he enjoy the same freedom and independence of action as that which is accorded members of the bench." 361 F.2d at 589–590 (footnote omitted).

Bauers v. Heisel would seem to compel the result that an Assistant United States Attorney is clothed with judicial immunity, unless there is some reason to distinguish between the liability of State prosecutors under the Civil Rights Act and the liability of federal prosecutors under the federal common law created by the *Bivens* decision. We perceive no reason for such a distinction. Thus the district court correctly dismissed the complaint against the Assistant United States Attorney on the ground of immunity from suit.

We express no opinion at this time as to whether the duties of the remaining defendants are such as to require that they too be granted either judicial or executive immunity. That decision should await a fuller development of the facts.

The district court did not address itself to the sufficiency of the claim of jurisdictional amount. Plaintiff alleges total unlawful seizures in the amount of $4,200, but claims that the amount in controversy exceeds $10,000. It cannot be concluded from the face of the complaint that the allegation of jurisdictional amount is insufficient, but further proceedings may develop that the jurisdictional amount specified in 28 U.S.C. § 1331(a) (1964) is lacking. *See* Hague v. C.I.O., 307 U.S. 496, 508, 59 S. Ct. 954, 83 L.Ed. 1423 (1939). Nor do we express any opinion at this time as to whether the defendants would be entitled to the benefit of collateral estoppel with respect to issues which were or might have been litigated in the criminal case in which the plaintiff was convicted. Here, too, a fuller record is required.

The order of the district court will be affirmed insofar as it dismissed the complaint against the defendant, Koelzer, Assistant United States Attorney, and reversed and remanded for further proceedings not inconsistent with this opinion as to the remaining defendants.