**UNITED STATES of America ex rel. James H. MOORE, Appellant,**

v.

**George KOELZER et al.**

**No. 71–1018.**

United States Court of Appeals, Third Circuit.

Submitted Jan. 24, 1972.

Decided March 27, 1972.

James H. Moore, pro se.

Herbert J. Stern, U. S. Atty., Stephen E. King, Newark, N. J., for appellees.

Before BIGGS and VAN DUSEN, Circuit Judges, and GREEN, District Judge.

## OPINION OF THE COURT

CLIFFORD SCOTT GREEN, District Judge.

Plaintiff, James H. Moore, Appellant, herein, filed a pro se Complaint in the United States District Court for the District of New Jersey demanding damages for alleged violations of his civil rights and of his Constitutional "rights to a fair trial." Also, he requested that defendants be enjoined from any "further deprivations of plaintiff's rights, privileges, and immunities as guaranteed by the laws and Constitution of the United States."

Defendant, George Koelzer, is an Assistant United States Attorney, Defendants, Antonius Genakos and Ralph Frank, are special agents of the Federal Bureau of Investigation. It is alleged in the complaint that defendants Genakos and Frank "did falsify a legal document" which was offered into evidence against appellant in a federal criminal prosecution; also, said defendants, as witnesses in the criminal trial, are alleged to have given "false testimony under oath." The other defendant, Koelzer, is alleged to have solicited the "fraudulent testimony." Plaintiff contends the aforesaid conduct was directed against him "because he is a black man and muslim." In the criminal trial, ap-

pellant was convicted and is presently incarcerated in the Federal Penitentiary at Leavenworth, Kansas.

A motion to dismiss the complaint was filed on behalf of all the defendants and affidavits were filed in support thereof denying the allegations of the complaint and specifically denying any "dealings" by defendants with the plaintiff other than in their official capacities. An affidavit by appellant reiterated the charges.

The District Court granted the motion to dismiss the complaint on the ground that the complaint failed to state a claim upon which relief could be granted. Plaintiff appealed.

Preliminarily, it is clear that the District Court has jurisdiction under 28 U. S.C. Sec. 1331(a) which provides:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

The hand-written complaint which contains a demand for judgment of "$10,00,0000" may be construed as containing a sufficient allegation that the matter in controversy is of a sum or value in excess of ten thousand dollars.

Appellant bases his cause of action on violations of his civil rights under 42 U.S.C. §§ 1981–1983, and on violation of his "rights to a fair trial" under the Constitution.

This Circuit has held that a cause of action for damages does not accrue under 42 U.S.C. §§ 1981 et seq. for an alleged violation of the Act by federal officers acting under color of federal law. Bethea v. Reid, 445 F.2d 1163 (1971). Thus, if a cause of action exists, it must be based on a violation of a constitutionally protected right of plaintiff.

Subsequent to the dismissal by the District Court, the Supreme Court of the United States in an opinion by Mr. Justice Brennan held that a violation of

the Fourth Amendment right to be secure against unreasonable searches and seizures gave rise to an action for damages in the federal district court against federal agents, absent a right to immunity. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (June 21, 1971).

Thereafter, relying on Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, supra, this Court in Bethea v. Reid, supra, held that a complaint which alleged violations of Fourth and Fifth Amendments rights stated a claim upon which relief could be granted.

In this action, we do not have a charge of a Fourth Amendment violation; however, there are sufficient allegations of Fifth Amendment violations to support an action for damages. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, supra, recognizes a cause of action for damages for violation of constitutionally protected interests, and is not limited to Fourth Amendment violations.

Thus, unless there is immunity from suit, the complaint states a claim upon which relief can be granted. However, in Bethea v. Reid, supra, this Court held that an Assistant United States Attorney is clothed with judicial immunity when acting in his official capacity. The complaint and defendant Koelzer's affidavit both clearly indicate that his only "dealings" with plaintiff was in his official capacity, and, accordingly, he is entitled to immunity.

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, supra, the Supreme Court declined to consider the defense of immunity raised by the federal agents because it had not been passed upon by the Court of Appeals. Similarly, in Bethea v. Reid, supra, this Court declined to decide the question of judicial or executive immunity for the special agents involved, preferring to await a fuller development of the facts. We will follow the same procedure in the present case.

Accordingly, the order of the District Court will be affirmed insofar as it dismissed the complaint against the defendant, Koelzer, Assistant United States Attorney, and reversed and remanded for further proceedings not inconsistent with this opinion as to the remaining defendants.

VAN DUSEN, Circuit Judge (concurring).

I agree with the opinion of Judge Green and the result it reaches, but, in view of the preparation of this pro se complaint by a layman-prisoner,[1] the second full sentence on page 2 of the majority opinion, and the complaint's reliance on 18 U.S.C. § 241,[2] I believe the allegation that Genakos and Frank "did willfully and knowingly with malice aforethough[t] conspire with George Koelzer to commit the above mention[ed] criminal acts" is also significant. See Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); Richardson v. Miller, 446 F.2d 1247, 1249 (3d Cir. 1971).

Circuit Judge BIGGS concurs in the views expressed in District Judge GREEN's opinion and also in those expressed in Circuit Judge VAN DUSEN's opinion.

---

1. See Richardson v. Miller, 446 F.2d 1247, 1248 (3d Cir. 1971).

2. 18 U.S.C. § 241 contains this wording: "If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; . . .

\*     \*     \*     \*     \*

"They shall be fined . . . or imprisoned . . . or both; . . . ."
Cf. 42 U.S.C. § 1985.