**Craig E. BLAIR, Plaintiff-Appellant,**

v.

**Nelson A. ROCKEFELLER, Governor of New York State, et al., Defendants-Appellees.**

**No. 67, Docket 72–1409.**

United States Court of Appeals, Second Circuit.

Argued Oct. 17, 1972.

Decided Nov. 27, 1972.

642

---

Richard H. Scheck, New York City (William E. Hellerstein, Prisoners' Rights of the Legal Aid Society, and Barbara A. Shapiro, New York City, of counsel), for plaintiff-appellant.

Stephen P. Seligman, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for defendants-appellees.

Before MANSFIELD, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

 This appeal is from the summary dismissal without a hearing of a prison inmate's pro se complaint brought under 42 U.S.C. § 1983, jurisdiction properly being based on 28 U.S.C. § 1343(3), (4). Exhaustion of state remedies is not required. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); Rodriguez v. McGinnis, 456 F.2d 79 (2d Cir.) (en banc), cert. granted sub nom. Oswald v. Rodriguez, 407 U.S. 919, 92 S.Ct. 2459, 32 L.Ed.2d 805 (1972); 72 Colum.L.Rev. 1078 (1972). The plaintiff here, inartfully perhaps but plainly nevertheless, makes three complaints: (1) punishment by prison authorities for what petitioner wrote in a temporarily confiscated poetry book, cf. Sostre v. McGinnis, 442 F.2d 178, 202–203 (2d Cir. 1971) (en banc), cert. denied sub nom. Oswald v. Sostre, 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972); Carothers v. Follette, 314 F.Supp. 1014, 1022–1026 (S.D.N.Y. 1970); Note, Prison Mail Censorship and the First Amendment, 81 Yale L.J. 87 (1971); (2) punishment by way of segregation and loss of one year's good time without notice or hearing and for behavior at another prison previously punished, see Millemann, Prison Disciplinary Hearings and Procedural Due Process—The Requirement of a Full Administrative Hearing, 31 Md.L.Rev. 27 (1971); cf. Sostre v. McGinnis, supra at 196–198; and (3) indefinite confinement in a "strip cell," cf. Wright v. McMann, 460 F.2d 126, 130–131, (2d Cir. 1972); Landman v. Royster, 333 F.Supp. 621, 648 (E.D.Va.1971); Paulsen, Prison Reform in the Future—The Trend Toward Expansion of Prisoners' Rights, 16 Vill. L.Rev. 1082, 1086 (1971). Here, as the Supreme Court said in Haines v. Kerner, 404 U.S. 519, 520–521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972):

> We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944).

Reversed and remanded.