**Leroy JEFFERY, in his own behalf and on behalf of all other persons similarly situated, Plaintiffs,**

v.

**Benjamin MALCOLM, Commissioner of Correction for the City of New York, et al., Defendants.**

**No. 72 Civ. 3867.**

United States District Court,
S. D. New York.

Jan. 16, 1973.

Leroy Jeffery, pro se.

Norman Redlich, New York City Corp. Counsel, New York City, by Victor P. Muskin, New York City, for defendants.

Louis J. Lefkowitz, Atty. Gen., State of N. Y., New York City, by Michael Colodner, New York City, Intervenor pro se.

POLLACK, District Judge.

Plaintiff *pro se*, a state prisoner, brings this purported class action suit on behalf of all the prisoners at Rikers Island (New York City Adult Remand Shelter, East Elmhurst, New York) for a declaration that New York Penal Law § 70.30(4)(a) and (b), McKinney's Consol.Laws, c. 40, violates the Equal Protection Clause and for an injunction against further enforcement of the challenged section. The Attorney General has moved to intervene herein and that motion has been granted simultaneously herewith. The Court presently has before it on submission a motion brought by the named defendants and the intervenor to dismiss the complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

Although the complaint is styled as a class action, its status as such has yet to be confirmed. Local Rule 11A (c) of this district requires a party attempting a class suit to move within 60 days after the filing of the class allegations for confirmation by the Court of the class. No such motion has been made nor did defendants move, as provided by Local Rule 11A(d), to strike the class allegations. According to Fed. R.Civ.P. 23(c)(1), "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Even if no motion is made for the ruling available to the parties respectively as provided by the Local Rule, the Court, on its own, should proceed at an appropriate occasion to review the proposed class. *See* Weisman v. MCA Inc., 45 F.R.D. 258, 260 n.1 (D

Del.1968); Frankel, Some Preliminary Observations concerning Civil Rule 23, 43 F.R.D. 39, 40–1 (1967); 7A Wright & Miller, Federal Practice and Procedure § 1785 (1972).

■■ The plaintiff herein, who sues *pro se*, asserts in his complaint that he can fairly and adequately represent the interests of his fellow prisoners, as required by Fed.R.Civ.P. 23(a)(4). It is settled, however, that in reviewing the adequacy of representation a Court should weigh, among other factors, the actual qualifications and experience of the self-selected champion for the proposed class. Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 562 (2d Cir. 1968); Weiss v. Tenney Corp., 47 F.R.D. 283, 290 (S.D.N.Y.1969). Skilled representation may be crucial, for the outcome of a class suit—whether favorable or adverse to the class—is binding on the members of the class. Fed.R.Civ.P. 23(c)(3). The ordinary layman will generally not possess the requisite training, expertise, and experience to be able to adequately serve the interests of a proposed class. The plaintiff has not asserted or evidenced any special qualifications which might justify maintenance by him, *pro se*, of a class action. Plaintiff has thus far failed to conform with the local court rules and has even failed to respond to the motion herein to dismiss this suit. Such lapses are not unusual in *pro se* suits and are often excused. *See* Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nevertheless, the Court is reluctant to extend this type of procedural relaxation to the requirements of Rule 23(a). Accordingly, the class allegations are stricken, and the suit will be viewed as an individual action.

## I.

Section 70.30 of the New York Penal Law states in part as follows:

4. Good behavior time. Time allowances earned for good behavior, pursuant to the provisions of the correction law, shall be computed and applied as follows:

(a) In the case of a person serving an indeterminate sentence, the total of such allowances shall not exceed one-third of his maximum or aggregate maximum term and the allowances shall be applied as provided in subdivision one (b) of section 70.40;

(b) In the case of a person serving a definite sentence, the total of such allowances shall not exceed one-sixth of his term or aggregate term and the allowances shall be applied as a credit against such term.

Subsection (a) applies to those convicted of a felony, since a felony produces an indeterminate sentence. New York Penal Law § 70.00. Subsection (b) applies to those receiving a definite sentence upon conviction for a misdemeanor. New York Penal Law § 70.15.

Plaintiff's complaint asserts that this statutory scheme violates the Equal Protection Clause of the 14th Amendment, in that those serving definite terms for misdemeanor convictions are entitled to a good behavior allowance of only up to one-sixth of their terms, whereas those serving indefinite sentences upon felony convictions can be allowed up to one-third of their maximum terms for good behavior. Plaintiff concludes that this arrangement is "discriminating against those prisoners sentenced to definite terms as oppose [sic] to those prisoners sentenced to indefinite terms," and cites the 5th and 14th Amendments as authority for invalidating the statute.

Defendants contend that the system draws a rational and necessary distinction between those convicted of misdemeanors and of felonies and reflects different rehabilitative programs designed for each category of prisoner. Defendants urge this Court to dismiss the complaint as frivolous.

■ Plaintiff's complaint reveals a misunderstanding of the reach of the 14th Amendment. Equal protection does not insure equal treatment. In fashioning its correctional program, a State deals with different groups, problems and considerations. The standards

which emerge necessarily are instinct with variation in treatment. The Equal Protection Clause does not prevent this result. What the Equal Protection Clause does forbid is an arbitrary standard or a standard which is grounded on "suspect classifications" such as race. As the Court stated in Smith v. Follette, 445 F.2d 955, 959 (2d Cir. 1971):

> Though state laws which have no rational basis whatsoever for the classifications imposed may be held to violate the Equal Protection Clause, in situations where the Equal Protection claim is one of arbitrariness, rather than intentional and invidious discrimination against a particular racial, religious, ethnic, social or political group, the state is permitted considerably greater latitude in distributing its resources and administering its laws . . . A state is often required by reason of administrative or judicial necessity to draw fine distinctions.

■■ The classification found in the challenged statute is based upon differing degrees of criminal culpability; computation of good behavior time varies for misdemeanor and felony convicts. Such a basis of classification is not suspect. Indeed, the Supreme Court recently held that the number of jurors who must be convinced in order to convict a defendant can vary with the severity of the crime being prosecuted. Johnson v. Louisiana, 406 U.S. 356, 363–365, 92 S. Ct. 1620, 32 L.Ed.2d 152 (1972). Nor does the allowance of good behavior time involve a fundamental constitutional right, see Hanvey v. Pinto, 441 F.2d 1154 (3rd Cir. 1971), so as to require the state to show a compelling state interest in justifying the classifications adopted. See Kramer v. Union Free School District No. 15, 395 U.S. 621, 626–630, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); Shapiro v. Thompson, 394 U.S. 618, 634, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). The statute must be sustained if the Court finds that any distinctions resulting from the statute proceed from a rational

scheme of classification. McGinnis v. Royster, —— U.S. ——, 93 S.Ct. 1055, —— L.Ed.2d —— (1973); Dandridge v. Williams, 397 U.S. 471, 486, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1969).

The different treatment afforded to felons and misdemeanants under § 70.-30(4) is primarily explained by the fact that the length of the definite sentences imposed on misdemeanants is substantially shorter than that of the indefinite sentences. See Practice Commentary, McKinney's Cons. Laws of New York, Book 39, Penal Law, § 70.30. Since the primary purpose of the good behavior time program is to provide an incentive for prisoner cooperation with the prison authorities, id, the State may well have determined that the incentive need be greater where the sentence is longer.

Furthermore, persons serving indeterminate sentences are confined in state prisons under the jurisdiction of the state department of correction; persons serving definite sentences are confined to county jails. Penal Law, § 70.20. The Attorney General's brief states that associated with the different facilities are different programs and purposes. The differences in the programs, facilities, and lengths of prison terms based upon the felony/misdemeanor division justify the different computations applied for good behavior time. The legislature may properly allow greater flexibility for good behavior time against longer sentences, in order to meet the rehabilitative and custodial problems inherent in a large prison system.

Moreover, the definite sentences provided for misdemeanors reflect a legislative and judicial judgment as to the length of sentence actually to be served; the limited good behavior time allowed reflects an incentive for cooperation but also an indication that the definite terms are to be served. Where the term to be served is less definite, a greater good behavior time allowance seems appropriate.

■ Accordingly, the Court finds that the challenged statute rationally advances the proper goals and responsibili-

ties of the state and holds that plaintiff's constitutional claim is unsubstantial.[1]

## II.

■ Dismissal of this *pro se* complaint is not precluded by the recent decisions in Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) and Blair v. Rockefeller, 469 F.2d 641 (2d Cir. 1972). In *Haines*, the Supreme Court emphasized the standard of liberality against which *pro se* pleadings are to be measured, stating:

> We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson [355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80]. 404 U.S. at 520–521, 92 S.Ct. at 596.

In *Blair,* the Second Circuit quoted this language in reversing a summary dismissal of a prisoner's *pro se* civil rights complaint. The thrust of these cases is that *pro se* pleaders must be given time and leeway to ground more firmly potentially substantial claims. However, all rules of pleading are not unqualifiedly suspended. *See* Prezzi v. Schelter, 469 F.2d 691 (2d Cir. 1972).

■ In the instant case, the Court can presently determine the merits of plaintiff's legal claim. There are neither facts in dispute, nor facts to be developed. Plaintiff has presented a naked legal issue, ripe for resolution. A decision adverse to the plaintiff is not due to an infirmity in his pleading, but rather is due to the insufficiency of his claim. The summary disposition under Rule 12(b)(6)—or under Rule 56—should apply in this situation for it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ Nor is the Court's power to dismiss the complaint limited by the three-judge court act, 28 U.S.C. §§ 2281, 2284. Due to the intervention of the state by its attorney general, this suit may now be looked upon as one to enjoin an officer of the state from enforcing a state law with state-wide application due to the alleged unconstitutionality of the statute. Even if § 2281 would require a three-judge panel to grant the relief herein requested, a single judge clearly has the power to dismiss a complaint that raises a merely frivolous constitutional challenge. Goosby v. Osser, —— U.S. ——, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973); Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Ex parte Poresky, 290 U.S. 30, 31–32, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Utica Mutual Ins. Co. v. Vincent, 375 F.2d 129, 131 n. 1 (2d Cir.), cert. denied 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967); *see* Pichler v. Jennings, 347 F.Supp. 1061 (S.D.N.Y.1972). The claim, herein, is merely frivolous. See McGinnis v. Royster, —— U.S. ——, 93 S.Ct. 1055, —— L.Ed.2d —— (1973).

The complaint is, in all respects, dismissed.

So ordered.

1. Subsequent to the filing of the opinion herein, the Supreme Court held constitutional certain sections of the New York Correctional Law dealing with good behavior time. McGinnis v. Royster, —— U.S. ——, 93 S.Ct. 1055, —— L.Ed.2d —— (1973). That decision supports the standard applied and the conclusions reached herein.