George **WILLIAMS**

v.

**Rafael HALPERIN et al.**

No. 73 Civ. 53.

United States District Court,
S. D. New York.

June 12, 1973.

Paul J. Curran; U. S. Atty., S. D. N. Y. by Christopher Roosevelt, Asst. U. S. Atty., for defendants Halperin, Cushing, Bartley and Luttinger.

Easton & Echtman, New York City, for defendants Fisher and Krieger by Henry J. Easton, New York City.

George Williams, pro se.

## MEMORANDUM

POLLACK, District Judge.

Defendants herein move to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted,[1] Fed.R.Civ.P. 12(b)·(1), (6) and 56.

Plaintiff Williams, a federal prisoner presently serving an eight year term

---

1. Defendants Bartley and Cushing additionally assert lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2). The motion by Halperin requires consideration of the other grounds asserted for dismissal, and, accordingly, the Court does not rely on the issue of personal jurisdiction.

upon a narcotics felony conviction, brings this civil rights suit against past and present agents of the Bureau of Narcotics and Dangerous Drugs (Halperin, Cushing, Bartley); a former Assistant United States Attorney (Luttinger); and his former lawyers (Krieger and Fisher). Plaintiff alleges that defendants conspired to deny him his constitutional rights in connection with his prosecution and the subsequent appeal therefrom. He grounds this action upon 18 U.S.C. § 242 and 42 U.S.C. §§ 1985 and 1986; jurisdiction is based upon 28 U.S.C. §§ 1331(a) and 1343.

By two motions to amend the complaint, granted heretofore, Fed.R.Civ.P. 15(a); cf., Blair v. Rockefeller, 469 F.2d 641 (2d Cir. 1972), plaintiff has altered the character of his suit against Krieger, asserting claims in tort and contract arising from alleged improper representation of his interest in substitution for the purported civil rights claim previously asserted by the plaintiff against Krieger.

In considering the dismissal of a *pro se* complaint, the thrust of Haines v. Kerner, 404 U.S. 519, 520–521, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), must be considered. In *Haines,* the Supreme Court mandated a liberal standard for *pro se* pleadings and stated:

> We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 . . .

*See also* Blair v. Rockefeller, 469 F.2d 641 (2d Cir. 1972).

But this liberality is not without limits. *See* Prezzi v. Schelter, 469 F.2d 691 (2d Cir. 1972); Jeffery v. Malcolm, 353 F.Supp. 395 (S.D.N.Y.1973); cf., Rosenberg v. Martin, 478 F.2d 520 (2d Cir. 1973). For the reasons stated hereinafter, the Court finds certain claims asserted in the complaint to be insufficient even when measured against the liberal standard of *Haines* and, accordingly, the complaint is dismissed to the degree indicated hereafter.

I. Motion of the BNDD agents.

 Plaintiff relies upon certain civil rights statutes in asserting a claim against the BNDD agents. However, the reliance is misplaced. Section 242 of Title 18 does not create a private right of action; this is a criminal provision for deprivation of civil rights under color of law. Brown v. Duggan, 329 F.Supp. 207 (W.D.Pa.1971); Sinchak v. Parente, 262 F.Supp. 79 (W.D.Pa.1966). Sections 1985 and 1986 of Title 42, while providing for private suits for damages, do not allow relief against the actions of federal officers acting under color of *federal* law. *See* Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949), cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950); *accord,* Bethea v. Reid, 445 F.2d 1163, 1164 (3rd Cir.), cert. denied, 404 U.S. 1061, 92 S.Ct. 747, 30 L.Ed.2d 749 (1971).

 The principle of Bivens v. Six Unknown Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), as further defined by the Second Circuit at 456 F.2d 1339 (1972) has been urged by plaintiff to sustain his claim against the BNDD agents. *Bivens* created a federal claim under the Fourth Amendment for a violation of *constitutional* rights through an illegal search and seizure. Even if the complaint could be deemed to be broad enough to encompass a *Bivens* type claim, the plaintiff herein previously and unsuccessfully litigated the precise issue of the alleged unconstitutional search and seizure. At the criminal trial, on appeal from the conviction, and in several motions for post-conviction relief, 28 U.S.C. § 2255, adverse rulings were entered against this plaintiff on the search and seizure contention. *See* United States v. Williams, 69 Cr. 266 (Murphy, J.), aff'd without opinion, (2d Cir. Dec. 10, 1970), cert. denied, 402 U.S. 987, 91 S.Ct. 1677, 29 L.Ed.2d 152 (1971); Williams v. United States, 334

F.Supp. 669 (S.D.N.Y.1971) (Weinfeld, J.), aff'd, 463 F.2d 1183 (2d Cir. 1972) (*per curiam*); 72 Civ. 5118 (S.D.N.Y. March 7, 1973) (Gagliardi, J.). Such rulings preclude plaintiff from relitigating the asserted unconstitutional action. *See* Rosenberg v. Martin, 478 F.2d 520 (2d Cir. 1973).

Accordingly, no construction of the averments in the complaint entitles even a *pro se* plaintiff to relief against the government agents, and the complaint, as to them, must be dismissed. *Cf.*, Jeffery v. Malcolm, 353 F.Supp. 395 (S.D. N.Y.1973).

II. Motion of Luttinger.

 The law in this Circuit has long shielded federal prosecutors with an absolute immunity from any damage actions based on their conduct while acting in their official capacities. Yaselli v. Goff, 12 F.2d 396, 404 (2d Cir. 1926), aff'd *per curiam* 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927); *accord*, Bauers v. Heisel, 361 F.2d 581 (3rd Cir. 1966), cert. denied 386 U.S. 1021, 87 S. Ct. 1367, 18 L.Ed.2d 457 (1967). This immunity was not withdrawn by *Bivens*. Bethea v. Reid, 445 F.2d 1163, 1165 (3rd Cir.), cert. denied, 404 U.S. 1061, 92 S. Ct. 747, 30 L.Ed.2d 749 (1971). Such immunity is required to assure effective operation of the prosecutor's office, essential to the public interest. The presence of this immunity precludes plaintiff from asserting a claim against Luttinger; this part of the complaint therefore also fails.

III. The Motion of the Attorneys.

Plaintiff originally based his claims against Fisher and Krieger on the civil rights statutes, alleging an effort to deny him his constitutional rights. This basis fails to assert a claim for relief. Previous rulings, cited above, have determined that plaintiff suffered no constitutional deprivation, and the statutes cited by plaintiff are inapplicable herein.

Plaintiff however, amended his complaint as against Krieger, to assert ordinary negligence and breach of contract claims. Specifically, plaintiff now contends that Krieger contracted to represent plaintiff with the highest degree of care and that Krieger breached this obligation; moreover, plaintiff charges as malpractice alleged trial errors and omissions by Krieger. The basis of jurisdiction for these claims under state law is diversity and requisite amount; Krieger is a citizen of Florida, and plaintiff's preincarceration domicile was New York.

Although the evidence required to establish such claims may be dubious, it cannot fairly be said at this stage that beyond doubt plaintiff "can prove no set of facts in support of his claim which could entitle him to relief." Haines v. Kerner, *supra*.

Accordingly, the motions to dismiss by Luttinger, Halperin, Cushing, Bartley and Fisher are granted. The motion to dismiss by Krieger is granted to the extent that the claims asserted in the original complaint are dismissed and the motion to amend the claim as set forth in the second amended complaint is granted and the motion to dismiss the same is denied.

So ordered.