Alvin BLASSINGAME, Plaintiff,

v.

**UNITED STATES ATTORNEY GENER-
AL and his agents et al.,**
Defendants.

No. 74 Civ. 3688 (MP).

United States District Court,
S. D. New York.

Jan. 9, 1975.

Alvin Blassingame, pro se.

Paul J. Curran, U. S. Atty., S. D. N. Y., by John S. Siffert, Asst. U. S. Atty., for defendants U. S. Atty. Gen. and Asst. U. S. Attys., Giuliani, Puccio, Phillips, and Higgins.

MEMORANDUM

POLLACK, District Judge.

The federal officers alluded to as defendants have moved to dismiss the *pro se* complaint herein pursuant to Rule 12(b) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

■ The gravamen of the complaint [1] appears to be that the federal prosecutor identified by name in the complaint violated plaintiff's Fifth and Eighth Amendment rights by an alleged offer of $50,000 plus a promise of parole if plaintiff would give false testimony against one of the "French Connection" defendants.[2] Whatever role, if any, was played by the other defendants alluded to but not identified by name is not explained in the complaint. Plaintiff seeks damages of $10,000 against each defendant and injunctive relief against such "cruel and unusual punishment and mental harassment" in the future.

■ The plaintiff has inappositely bottomed jurisdiction of this suit against federal officers acting under the color of federal law on 28 U.S.C. § 1343 (3) in conjunction with 42 U.S.C. § 1983 and the declaratory judgment statute. However, a more apt reference to jurisdiction would have been to 28 U.S. C. § 1331(a) since plaintiff alleges violations of his Fifth and Eighth Amendment rights by federal officers and claims the requisite amount to be in controversy. *See* Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); United States ex rel. Moore v. Koelzer, 457 F.2d 892 (3d Cir. 1972).

■ As a suit for damages against federal officers acting within the scope of their discretionary duties, the com-

1. There is also an allegation that the prosecutor denied "plaintiff his freedom of movement and access to numerous recreational and rehabilitative programs", but there is absolutely no factual elaboration of this conclusory allegation.

2. While on a Rule 12(b)(6) motion the factual allegations of the complaint are hypothesized as true, in fairness to the federal prosecutor named, it should be noted that he has submitted an affidavit denying the truth of all the accusations of misconduct made against him.

plaint fails to state a claim on which relief may be granted. The federal defendants as prosecutors acting within the scope of their official capacities are clothed with absolute immunity from suit for damages. Williams v. Halperin, 360 F.Supp. 554, 557 (S.D.N.Y.1973); see Boruski v. Stewart, 381 F.Supp. 529, 533–534 (S.D.N.Y.1974).

Apart from the cloak of immunity enjoyed by the federal defendants, plaintiff fails to state a claim for relief against them. There is dictum in the Third Circuit that a convicted defendant may claim damages against a federal prosecutor who has secured his conviction through falsified documents or fraudulent testimony.[3] United States ex rel. Moore v. Koelzer, 457 F.2d 892 (3d Cir. 1972) (in that case the prosecutor was held immune from suit); see also Bethea v. Reid, 445 F.2d 1163 (3d Cir. 1971), cert. denied, 404 U.S. 1061, 92 S. Ct. 747, 30 L.Ed.2d 749 (1972) (prosecutorial immunity also upheld). However, the plaintiff herein is not a convicted defendant so abused, but rather purports merely to be the unwilling and uncooperative object of an alleged attempt to suborn perjury to implicate others. The Fifth and Eighth Amendment rights of plaintiff are not transgressed under such a contention.

Plaintiff's *pro se* complaint could conceivably be read to also allege that he is in danger of physical attack by his fellow inmates who now purportedly suspect that he is an informer as a result of the actions of the federal prosecutor. While a federal prisoner does have a constitutional right to some degree of protection from attack by fellow inmates, a prisoner's grievance is actionable only where there is either a pattern of undisputed and unchecked violence or an egregious failure to provide security to a particular inmate. Walker v. McCune, 363 F.Supp. 254 (E.D.Va.1973); see Williams v. Vincent,

508 F.2d 541 at 546 n. 11 (2d Cir. 1974), (state prisoner). The complaint is devoid of factual allegations which would remotely support either condition, and it appears beyond doubt that plaintiff could prove no set of facts in support of his claim herein which would entitle him to relief. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Williams v. Halperin, 360 F.Supp. 554, 556 (S.D.N.Y. 1973).

Although the remaining defendant, New York Special Prosecutor Nadjari, has not moved against the complaint, the Court is nonetheless constrained to dismiss the complaint against him *sua sponte* for failure to state a claim upon which relief may be granted. The complaint's sole reference to the Special Prosecutor is in the caption: no action by him is described in the body of the complaint.

There are additional grounds which would require dismissal of the complaint, but they need not be elaborated.

Plaintiff has also requested this Court to issue a writ of mandamus requiring the Attorney General to transfer him from the Lewisburg Correctional Facility to the Federal Detention Headquarters at West Street in order for him to more effectively prosecute this action. Quite apart from the dismissal of the complaint, that request must be denied. Pursuant to 18 U.S.C. § 4082, the designation of the place of confinement of a federal prisoner is committed to the discretion of the Attorney General, and an action to compel the Attorney General to transfer a prisoner may not be maintained. Moore v. United States Attorney General, 473 F.2d 1375 (5th Cir. 1973) (mandamus action for transfer to facility closer to family); Thogmartin v. Moseley, 313 F. Supp. 158 (D.Kan.1969) (habeas corpus seeking reassignment), aff'd 430 F.2d 1178 (10th Cir.), cert. denied 400 U.S.

---

3. The general common law rule in torts is to the contrary. See 60 Am.Juris.2d, Perjury, § 75 (1972); Annotation, Actionability of Conspiracy to Give or to Procure False Testimony or Other Evidence, 31 A.L.R.3d 1423, §§ 2, 3 (1970).

910, 91 S.Ct. 155, 27 L.Ed.2d 150 (1970). From the perspective of a transfer, the three grounds advanced by plaintiff present neither exceptional circumstances nor the denial of federal constitutional or statutory rights. *See generally* Genovese v. Ciccone, 331 F. Supp. 1117 (W.D.Mo.1971) (action to enjoin transfer).

The complaint is accordingly dismissed as against all defendants for failure to state a claim upon which relief can be granted.

So ordered.