Dr. John YIAMOUYIANNIS,
Plaintiff-Appellant,

v.

CHEMICAL ABSTRACTS SERVICE et
al., Defendants-Appellees.

No. 75–1044.

United States Court of Appeals,
Sixth Circuit.

Argued June 10, 1975.

Decided Sept. 15, 1975.

Phillip D. Cameron, Worthington, Ohio, for plaintiff-appellant.

Bruce G. Lynn, Michael J. Renner, Bricker, Evatt, Barton & Eckler, William W. Milligan, U. S. Atty., Columbus, Ohio, for defendants-appellees.

Before PHILLIPS, Chief Judge and EDWARDS and McCREE, Circuit Judges.

PER CURIAM.

Appellant appeals from summary judgment granted all defendants by the United States District Court for the Southern District of Ohio.

Plaintiff-appellant Dr. Yiamouyiannis was a Ph.D in biochemistry, employed by Chemical Abstracts Service (CAS), a division of the American Chemical Society, located on the campus of Ohio State University at Columbus. He was employed in the business of abstracting articles on chemical topics for CAS which then sold its publication to individuals,

companies and governmental agencies. In 1969 and 1970 he gave talks to various groups concerning his views on fluoridation. He expressed vigorous opposition to the use of fluorides in drinking water. This resulted in at least some attention from the Department of Health, Education and Welfare, which through its dental division had taken a strong position in favor of fluoridation. Dr. Yiamouyiannis alleges that this had an immediate effect upon CAS, "coercing" them into his "discharge."

CAS warned plaintiff on August 10, 1970, that if he made any more speeches where his opposition to fluoridation was identified with CAS, he would be fired. On March 30, 1972, he was placed on probationary status with CAS saying that his work was not what it should be. On March 31, 1972, plaintiff resigned and brought the instant action.

The District Court granted motions for summary judgment, concluding that the plaintiff had not alleged sufficient governmental action to support a First Amendment claim. This summary judgment cannot be affirmed since there are, as we see it, continuing questions of fact. *See S. J. Groves & Sons Co. v. Ohio Turnpike Comm'n,* 315 F.2d 235 (6th Cir.), *cert. denied,* 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57 (1963).

■ Fundamental to appellant's cause of action, of course, is proof that his discharge was "state action." In this regard appellant contends (and appellee denies) that CAS is federally funded to the extent that his discharge must be regarded as governmental action. Alternatively appellant contends (and appellee denies) that the HEW exerted financial pressure upon CAS to silence or fire appellant. These assertions and denials pose questions of fact upon which findings must be made.

If these questions are answered favorably to appellant, there must also be a finding of fact as to whether appellant was, in practical effect, discharged or whether, as appellee contends, he resigned voluntarily.

Assuming these preliminary questions are resolved in appellant's favor, the District Court will still be confronted by still more difficult questions underlying appellant's contention of a First Amendment violation. These appear to include 1) whether or not appellant was discharged because of his speeches, and 2) if so, whether or not appellant's speeches created sufficient confusion about the official position on fluoridation policy of CAS, HEW, or both, to justify the threat of appellant's discharge if CAS "received one more such connection between his talks and CAS."

As is obvious from what is said above, appellant has a tough row to hoe in order to establish a case for relief arising from a First Amendment violation. But we feel that he is entitled to try.

■■ The District Court has jurisdiction of this action under 28 U.S.C. § 1331 (1970). *See also Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). We believe the complaint states a cause of action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). We recognize that *Bivens* dealt with a Fourth Amendment violation, but its logic appears to us to be equally applicable to a First Amendment violation. *See generally Moore v. Koelzer,* 457 F.2d 892 (3d Cir. 1972); *States Marine Lines, Inc. v. Shultz,* 498 F.2d 1146 (4th Cir. 1974).

Summary judgment was clearly appropriate as to all other aspects of this case.

The judgment of the District Court is affirmed in part and reversed in part and remanded to the District Court for further proceedings consistent with this opinion.