John YIAMOUYIANNIS,
Plaintiff-Appellant,

v.

CHEMICAL ABSTRACTS SERVICE et al., Defendants-Appellees.

No. 77–3148.

United States Court of Appeals,
Sixth Circuit.

Argued June 6, 1978.
Decided June 29, 1978.

---

Robert E. Manley, Joseph R. Jordan, Timothy A. Fischer, Cincinnati, Ohio, for plaintiff-appellant.

Bruce G. Lynn, Bricker, Evatt, Barton & Eckler, Michael J. Renner, Columbus, Ohio, for defendants-appellees.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

In this case, after the District Court granted motions for summary judgment in favor of all defendants, this court reversed in part and remanded for a District Court hearing on two fact problems. We said:

The District Court has jurisdiction of this action under 28 U.S.C. § 1331 (1970). *See also Bell v. Hood*, 327 U.S. 678 [66 S.Ct. 773, 90 L.Ed. 939] (1946). We believe the complaint states a cause of action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcot-*

*ics*, 403 U.S. 388 [91 S.Ct. 1999, 29 L.Ed.2d 619] (1971). We recognize that *Bivens* dealt with a Fourth Amendment violation, but its logic appears to us to be equally applicable to a First Amendment violation. *See generally Moore v. Koelzer*, 457 F.2d 892 (3d Cir. 1972); *States Marine Lines, Inc. v. Shultz*, 498 F.2d 1146 (4th Cir. 1974).

*Yiamouyiannis v. Chemical Abstracts Service*, 521 F.2d 1392, 1393 (6th Cir. 1975).

As an instruction to the District Court as to which fact issues to try, we said:

Fundamental to appellant's cause of action, of course, is proof that his discharge was state action. In this regard appellant contends (and appellee denies) that CAS is federally funded to the extent that his discharge must be regarded as governmental action. Alternatively appellant contends (and appellee denies) that the HEW exerted financial pressure upon CAS to silence or fire appellant. These assertions and denials pose questions of fact upon which findings must be made.

If these questions are answered favorably to appellant, there must also be a finding of fact as to whether appellant was, in practical effect, discharged or whether, as appellee contends, he resigned voluntarily.

*Id.* at 1393.

On remand it appears that the District Judge conducted an evidentiary hearing limited to the state action question. The appeal currently before this court as to the issue of state action relies solely upon the fact that Chemical Abstracts Service has a charter from the federal government. We must therefore assume that no evidence, or insufficient evidence, was presented on the fact questions which we identified in our previous consideration of this case.

The District Judge held that the chartering by Congress of this corporation was insufficient to establish state action, and again dismissed the complaint.

The fact that Congress has seen fit to charter an organization otherwise private in character does not, by the mere fact of chartering, render the action of the officers of that organization "state action." This court previously passed on this question in *Northrip v. Federal National Mortgage Assn.*, 527 F.2d 23 (6th Cir. 1975). *See also Stearns v. Veterans of Foreign Wars*, 394 F.Supp. 138 (D.D.C.1975), *aff'd mem.*, 174 U.S.App.D.C. 78, 527 F.2d 1387, *cert. denied*, 429 U.S. 822, 97 S.Ct. 72, 50 L.Ed.2d 83 (1976).

We have considered appellant's reliance upon *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819), but do not find that it is applicable to either the facts or legal argument in our instant case.

The judgment of the District Court is affirmed.