Captain Lewis T. MOORE, 510–46–9657FR
Plaintiff,

v.

James R. SCHLESINGER, Secretary of Defense, et al., Defendants.

Civ. A. No. C-5152.

United States District Court,
D. Colorado.

Oct. 29, 1974.

William F. Reynard of Reynard, Dorwart & Booms, P. C., Denver, Colo., for plaintiff.

James L. Treece, U. S. Atty., Denver, Colo., and Bruce E. Clark, Captain, USAF, Office of The Judge Advocate General, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

MATSCH, District Judge.

The following is a statement of uncontroverted facts from a pre-trial order entered herein on March 15, 1974:

"The Plaintiff is a Captain in the United States Air Force and is presently assigned at Offutt Air Force Base, Nebraska. Plaintiff has been a commissioned officer in the regular Air Force since 1966. In 1970 he was assigned for a tour to the faculty of the Air Force Academy in the Department of Geography. Of the ten Officer Effectiveness Reports accomplished on plaintiff since his initial duty assignment in 1966, five have rated him as 'exceptionally fine' and five as 'outstanding.' In February 1973, Plaintiff wrote various members of Congress. On March 13, 1973, Plaintiff was advised by the defendant Taylor that the administration of the Academy was aware of the letters to Congress but that no adverse action would be taken as a result of them. The Plaintiff was removed from his position as an instructor on 23 March 1973 by Colonel Robert G. Taylor and Lt. Colonel Harry W. Emrick. On 27 March 1973 defendant Taylor ordered Plaintiff to see the Staff Psychiatrist at the Air Force Academy. On 29 March 1973, defendant Taylor ordered the Plaintiff not to have contact with the cadets. On 10 April 1973 the plaintiff was ordered by the defendant Emrick not to perform duties as a timer in Academy track meets. The Plaintiff initiated a complaint under Article 138, Uniform Code of Military Justice, requesting redress of grievances relating to matters here in controversy. In June, 1973, the request for redress was denied by the Plaintiff's commander, the defendant Taylor, and later by the officer exercising general court-martial jurisdiction over Taylor, the defendant Lt. General A. P. Clark. The action was subsequently reviewed and approved by the authorized designee of the Secretary of the Air Force."

The judge presiding at that pre-trial conference granted the defendants an opportunity to file a motion for a summary judgment "directed to the jurisdictional aspects of the case" and within the time set by that order the defendants did file such a motion seeking a summary judgment for defendants for a lack of jurisdiction. That motion is now before the Court and it is to be considered as a motion to dismiss for a lack of jurisdiction over the subject matter of the plaintiff's claims for relief.

By this complaint, the plaintiff requests relief by way of a declaratory judgment that his removal from a teaching assignment at the United States Air Force Academy and reassignment to Offutt Air Force Base were wrongful

and were violative of his constitutional rights; that he is entitled to money damages; that he is entitled to injunctive relief by mandamus and he has petitioned for a writ of habeas corpus. Additionally he seeks judicial review of the denial of relief on his complaint under Article 138, Uniform Code of Military Justice.

The essential allegations are that the administrative actions taken by the defendants, who are or were officers superior to the plaintiff in the chain of command, were in retaliation for the plaintiff's exercise of First Amendment rights and constituted an intimidation and a conspiracy to restrict and limit those rights.

 The plaintiff urges jurisdiction of his claim for damages in 28 U.S.C. § 1331. While defendants contend that there can be no showing of damages exceeding $10,000.00, it is assumed that the jurisdictional amount is present in this case. The theory of damage liability is not a general tort theory but an alleged violation of 42 U.S.C. § 1985(1), which provides, in pertinent part:

"(1) If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof . . ."

the party injured or aggrieved may have an action for the recovery of damages occasioned thereby. The statute does not appear applicable by its own terms. Moreover, it has regularly been held that federal officers acting under color of federal law are immune from suit under this statute. Bethea v. Reid, 445 F.2d 1163 (3rd Cir. 1971), Williams v. Halperin, 360 F.Supp. 554 (S.D.N.Y. 1973).

 It is argued, though, that there is a right to recover damages directly under the Constitution as recognized in Bivens v. Six Unknown Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In that case the Supreme Court majority did find a cause of action for damages caused by an unreasonable search and seizure. The interpretation of that opinion made by the Court of Appeals, Second Circuit in Bivens v. Six Unknown Agents, 456 F.2d 1339 (2d Cir., 1972) is informative here. Against the historical background and within the context of the other cases on immunity and discretion of federal officers discussed at length in that opinion, it must be concluded that the Bivens doctrine should be limited to Fourth Amendment rights and it is not applicable here.

In my view, there is no jurisdiction in this Court to grant relief in damages for the acts alleged in the plaintiff's complaint.

 The remainder of the relief requested is to request interdiction of the military orders and cause a reassignment of the plaintiff to his former duty station. There is no jurisdiction to do so. This is not a proper petition for habeas corpus under 28 U.S.C. § 2241 because the plaintiff does not seek release from the military service, and it has been held that the writ is not appropriate for review of military duty assignments. Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953).

 The plaintiff contends for mandamus, 28 U.S.C. § 1361, to compel performance of a duty owed to him under the First Amendment and under 10 U.S.C. § 1034 which provides as follows:

"No person may restrict any member of an armed force in communicating with a member of Congress, unless the communication is unlawful or violates a regulation necessary to the security of the United States."

In Cortright v. Resor, 447 F.2d 245 (2d Cir. 1971), the court assumed jurisdiction under § 1361 to rescind a military transfer alleged to have been made in retaliation for the exercise of First Amendment rights; but the district court's order was reversed because the facts failed to show an abuse

of the broad discretion granted to military officers in their commands. Assuming the truth of all of the factual allegations made by Captain Moore, there is no adequate showing of such an abuse of discretion as to warrant interference by a civilian court.

■ There is finally the question of a judicial review of the denial of relief in the Article 138 proceedings. It is urged that the procedure followed was inadequate and procedurally invalid. There is no statutory authority for a civilian court review of these administrative proceedings, and they are expressly excluded from Administrative Procedure Act, 5 U.S.C. § 701(b)(1)(F). To characterize the question as judicial review is to add nothing to the jurisdictional questions already discussed.

■ The plaintiff's request for convening a three-judge court under 28 U.S.C. § 2282 was denied previously because nothing in the complaint seeks to enjoin the operation or execution of any statute as unconstitutional.

Upon the foregoing, it is

Ordered that the complaint and this cause of action are dismissed.