Kareem Abdyl JIHAAD (a/k/a Mitchell X. Robinson, Jr., IV), Plaintiff,

v.

Norman A. CARLSON, Director of Bureau of Prisons, and H. S. Beall, Warden of Milan, Defendants.

Civ. A. No. 75–71805.

United States District Court, E. D. Michigan, S. D.

Jan. 30, 1976.

Supplemental Memorandum Opinion March 30, 1976.

Kareem Abdyl Jihaad, in pro per.

Gwenn L. Carr, Asst. U. S. Atty., Detroit, Mich., for defendants.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Kareem Abdyl Jihaad, an inmate at the Milan Federal Correctional Institution, brought this action against prison officials under 42 U.S.C. § 1983, alleging that his rights under the first and eighth amendments were violated when he was placed in disciplinary segregation on August 5, 1975 for refusing to shave off his beard for purposes of taking institutional photographs. Plaintiff is an "Orthodox Muslim (Sunni)"; he claims that his religious beliefs require him to wear a beard and that the shaving requirement violates his right freely to exercise his religion. Furthermore, plaintiff claims that while in segregation he was given only pork sandwiches and oranges to eat; since his religion proscribes the consumption of pork, he was reduced to eating oranges.

In redress of the alleged wrongful actions of the prison authorities, plaintiff seeks damages in the amount of $4,000,-000.

■ The defendants move to dismiss the complaint on the ground that plaintiff has failed to exhaust his administrative remedies, citing *Willis v. Ciccone*, 506 F.2d 1011 (8th Cir. 1974) (exhaustion required prior to federal habeas corpus). The *Willis* case, however, expressly recognized that the exhaustion requirement does not apply to actions for damages under § 1983. 506 F.2d at 1015 n.3. The actual difficulty with plaintiff's action is that § 1983 relief is available only to those injured under color of state—not federal—law. Thus, no claim for damages can lie against federal authorities unless the rationale of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), is applicable. In *Bivens*, the Supreme Court held that the federal courts have jurisdiction to entertain an action for damages arising from a search and seizure by federal officers that violates the fourth amendment despite the lack of a specific statutory cause of action. While it has been held that "the *Bivens* doctrine should be limited to Fourth Amendment rights", *Moore v. Schlesinger*, 384 F.Supp. 163, 165 (D.Colo.1974), the *Bivens* rationale has been applied to fifth amendment rights as well. *States Marine Lines v. Schultz*, 498 F.2d 1146, 1156–57 (4th Cir. 1974); *Dry Creek*

*Lodge, Inc. v. United States,* 515 F.2d 926, 931–32 (10th Cir. 1975) (*Bivens* "did not limit a constitutional action to a Fourth Amendment violation"); *United States ex rel. Moore v. Koelzer,* 457 F.2d 892, 894 (3d Cir. 1972) (*Bivens* "is not limited to Fourth Amendment violations"). The United States Court of Appeals for the Second Circuit has stated:

> "Although the *Bivens* Court did not rule out the possibility of private damages actions for violation of other constitutional rights by federal officers, the decision was limited to violations of the Fourth Amendment. . . . We need only say that we regard the question as open."

*Wahba v. New York University,* 492 F.2d 96, 103–04 (2d Cir. 1974).

■ In view of the frequent statement that "freedom of religion and of conscience is one of the fundamental 'preferred' freedoms guaranteed by the Constitution", *Pierce v. La Vallee,* 293 F.2d 233, 235 (2d Cir. 1961), there is no reason in policy to provide a federal remedy for a wrongful search but none for a religious deprivation. The court holds that the rationale of *Bivens* may, in a proper case, be applied to violations of the first as well as the fourth amendment. *See Yiamouyiannis v. Chemical Abstracts Service,* 521 F.2d 1392, 1393 (6th Cir. 1975). ("We recognize that *Bivens* dealt with a Fourth Amendment violation, but its logic appears to us to be equally applicable to a First Amendment violation.")

■ For these reasons the court cannot dismiss plaintiff's complaint for failure to state a claim on which relief can be granted.

■ However, the issue remains whether exhaustion of administrative remedies should be required for an action under *Bivens* despite the fact that exhaustion would not be mandated if plaintiff were a state prisoner bringing an action on the identical facts under § 1983. While it may be somewhat anomalous to make the need for exhaustion turn on whether the plaintiff is in state or federal custody, a possible basis for distinction might be the recognized efficacy of the federal administrative procedures. As recently noted by Chief Justice Burger:

> "Norman Carlson, Director of the Federal Bureau of Prisons, has developed simple, workable internal procedures to deal with prisoner complaints, and the past year's experience demonstrates their value. . . . Federal judges should not be dealing with prisoner complaints which, although important to a prisoner, are so minor that any well-run institution should be able to resolve them fairly without resort to federal judges."

*The Condition of the Judiciary* at 5 (January 3, 1976). Exhaustion of administrative remedies was required in *Waddell v. Alldredge,* 480 F.2d 1078 (3d Cir. 1973), an action by federal prisoners seeking to compel prison officials to establish worship services for Black Muslims. While the case was viewed as one seeking mandamus relief, there was—as in the instant case—an allegation that 42 U.S.C. § 1983 was violated and a prayer for damages. 480 F.2d at 1078 and n.1. This court is in substantial accord with the *Waddell* approach. Accordingly, the case is remanded to the Regional Director of the Federal Bureau of Prisons for the purpose of an evidentiary hearing on plaintiff's allegations. In view of the importance of the rights allegedly violated, the court notes these guidelines:

■ It is clearly within the power of prison authorities to require appropriate attire and grooming of prison inmates. *Cruz v. Beto,* 405 U.S. 319, 321, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The court cannot, however, hold as a matter of law that the prison's interest in the present beard regulation is a "compelling" one. *Sherbert v. Verner,* 374 U.S. 398, 403, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963). Such a finding will be possible only after an evidentiary hearing. This does not, of course, relieve plaintiff of the burden of showing as a threshold matter that the

religious tenet he claims to exercise is in fact a "legitimate claim" under a belief actually professed by a recognized religious organization.

> "Although a determination of what is a 'religious' belief or practice entitled to constitutional protection may present a most delicate question, the very concept of ordered liberty precludes allowing every person to make his own standards on matters of conduct in which society as a whole has important interests."

*Wisconsin v. Yoder,* 406 U.S. 205, 215–16, 92 S.Ct. 1526, 1533, 32 L.Ed.2d 15 (1972). This, too, can only be determined after an evidentiary hearing. Finally, the question whether a special dietary program should be instituted to accommodate plaintiff's religious restrictions must be decided. *See Knuckles v. Prasse,* 302 F.Supp. 1036, 1059 (E.D.Pa. 1969), *aff'd,* 435 F.2d 1255 (3d Cir. 1970), *cert. denied,* 403 U.S. 936, 91 S.Ct. 2262, 29 L.Ed.2d 717 (1971). ("[T]he prisoners are not entitled to a special dietary program. Of course they will not be forced to eat pork and pork products.")

An appropriate order may be submitted.

## SUPPLEMENTAL MEMORANDUM OPINION ON MOTION FOR CLARIFICATION OF ORDER

The defendants have moved for a clarification of this court's Memorandum Opinion dated January 30, 1976. The court there ordered the case remanded to the Regional Director of the Bureau of Prisons for the purpose of an evidentiary hearing on plaintiff's allegations. Defendants point out that the Bureau of Prisons Policy Statement 2001.6A does not provide for evidentiary hearings, and ask that this court nevertheless require the exhaustion of administrative remedies in accordance with the policy statement.

On reconsideration, the court agrees that an evidentiary hearing at the administrative level is not a feasible approach to the resolution of this case. It does not, however, appear that the administrative complaint procedure as set forth in Policy Statement 2001.6A is well adapted to deal with plaintiff's alleged damages due to religious discrimination.

 Even if the Bureau of Prisons should find that plaintiff's rights have been violated, at best the remedy would be to refrain from future violations. The Bureau has no authority to award monetary damages for past deprivations of constitutional rights. It therefore appears that an exhaustion requirement in this case would be futile, and could in no foreseeable manner dispose of the dispute.

Accordingly, this court's prior opinion is modified to strike the requirement for exhaustion of administrative remedies. The case shall instead be set for a hearing in this court on the merits.

An order is hereby entered.