Thomas E. HILL et al.,
Plaintiffs-Appellants,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections,
Defendant-Appellee.

No. 76–1872
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 20, 1976.

---

7. *See* F.R.Civ.P. 56(d).

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Thomas E. Hill, pro se.

John L. Hill, Atty. Gen., Daniel E. Maeso, Asst. Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Joe B. Dibrell, Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Thomas E. Hill and six other present or former inmates of the Texas Department of Corrections filed suit under 42 U.S.C.A. § 1983 alleging various deprivations of their civil rights by prison authorities. They complain that male inmates are required to wear their hair short, are allowed neither beards nor mustaches, and may wear only minimal sideburns. They also complain that they are not allowed to make phone calls from the prison and are not permitted to decorate their cells. The complaint further asserts that since these restrictions are not applied to female inmates, the difference in treatment based on sex is an unconstitutional denial of equal protection of the law and constitutes cruel and unusual punishment. The District Court rejected these contentions and granted the defendant's motion to dismiss. The plaintiffs appeal.

We begin with the well-established principle that lawful incarceration results in the necessary limitation of many privileges and rights of the ordinary citizen. *Pell v. Procunier,* 1974, 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495. Prison officials have broad discretion in the area of conditions of confinement. *Gates v. Collier,* 5 Cir., 1974, 501 F.2d 1291. Where prisoner regulations are neither unreasonable nor arbitrary, the Federal Courts will not interfere with the administration of state prisons. *Brooks v. Wainwright,* 5 Cir., 1970, 428 F.2d 652; cf. *United States ex rel. Gereau v. Henderson,* 5 Cir., 1976, 526 F.2d 889. In *Brooks* we stated that haircut and shaving regulations in a state prison did not violate the inmates' free exercise of religion, freedom of expression, or due process of law. Defendant argues that the regulation promotes cleanliness and personal identification, grounds we upheld in *Brooks.* As the Ninth Circuit stated in *Daugherty v. Reagan,* 9 Cir., 1971, 446 F.2d 75, we have not yet reached a point where the Federal Courts should second-guess state prison officials on the length of prisoners' hair. The same is true of prison regulations pertaining to making phone calls (plaintiffs have not complained of inability to communicate with courts, counsel, or their families and friends) and decorating their cells. Such regulations do not constitute an abuse of the discretion enjoyed by prison authorities.

Plaintiffs further assert a denial of their right to equal protection of the law, in that the hair regulations are not enforced against female inmates, female but not male inmates are permitted to call home once every 60 days, and only the female inmates are allowed to decorate their cells.

The grooming regulations in *Brooks* were applied to all prisoners, regardless of religion or race, and thus there was no denial of equal protection on the facts. The question before the Court now is whether the difference in the application of the hair length, telephone and cell decoration regulations based on sex is a constitutional violation of equal protection. We hold it is

not. The regulations impinge on no fundamental right [1] and create no suspect classification.[2] The disparity between the regulations for male and female inmates is not so grievous as to make them arbitrary or unreasonable, cruel or unusual, and the wisdom of the disparate regulations will be left to the judgment of state penologists.

The District Court was correct in dismissing the complaint.

AFFIRMED.

---

1. *See, e. g., Kelley v. Johnson,* 1976, 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (police officers have no fundamental right to choose the length or style of their hair).

2. *See Frontiero v. Richardson,* 1973, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583.