Tonya **STAR** (a/k/a **Anthony**) **Jones, Plaintiff,**

v.

**Warden Richard GRAMLEY, Defendant.**

No. 92–1029.

United States District Court, C.D. Illinois.

Feb. 26, 1993.

Tonya Star Jones, pro se.

Phillip McQuillan, Asst. Atty. Gen., Springfield, IL, for defendant.

## ORDER

MIHM, Chief Judge.

The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the warden of the Pontiac Correctional Center, violated the plaintiff's constitutional rights by refusing to allow him to wear women's makeup and apparel.[1] This matter is before the court for consideration of the parties' cross-motions for summary judgment. For the reasons stated in this order, summary judgement will be granted in favor of the defendant.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Herman v. National Broadcasting Co., Inc.,* 744 F.2d 604, 607 (7th Cir.1984), *cert. denied,* 470 U.S. 1028, 105 S.Ct. 1393, 84 L.Ed.2d 782 (1985). "[I]n determining whether factual issues exist, a reviewing court must view all the evidence in the light most favorable to the non-moving party." *Black v. Henry Pratt Co.,* 778 F.2d 1278, 1281 (7th Cir.1985).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.,* 864 F.2d 1359 (7th Cir.1988).

## FACTS

The basic facts are uncontested: The plaintiff, at all times relevant to this action, was a state prisoner confined at the Pontiac Correctional Center. (The plaintiff no longer resides at Pontiac.) The defendant, Pontiac Warden Richard Gramley, refused to permit the plaintiff to wear women's makeup and apparel, including skirts, dresses, feminine undergarments, ankle socks and earrings. Neither makeup nor women's clothing is available for purchase in the inmate commissary.

## DISCUSSION

■ No material facts are in dispute and the court concludes, even viewing the record in the light most favorable to the plaintiff, that the defendant is entitled to judgment as a matter of law. The defendant has provided legitimate penological justification for bar-

1. All other claims were dismissed by Order of April 27, 1992.

ring inmates from wearing female makeup and apparel. Furthermore, the plaintiff's equal protection claim is without merit. Regardless, the defendant is entitled to qualified immunity as the plaintiff has no clearly established right to cross-dress in prison. Accordingly, the defendant's motion for summary judgment will be allowed and the plaintiff's motion for summary judgment will be denied.

The plaintiff argues that the First Amendment (applicable to the states through the Fourteenth Amendment) guarantees his right to freedom of expression. Even assuming that the plaintiff would otherwise have a right to express himself by wearing women's clothing and cosmetics, legitimate security concerns override any right the plaintiff may have.

■ While prisoners do not lose their First Amendment rights upon incarceration, *see Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976), an inmate's rights are subject to restriction. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). "[M]aintaining institutional security and preserving internal order are essential goals that may require limitation or retraction of the retained constitutional rights...." *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979). Federal judges may not interfere in the daily administration of state prisons barring substantial evidence that they have acted disproportionately to correctional needs. *Pell*, 417 U.S. at 827, 94 S.Ct. at 2806.

■ When a challenged prison regulation impinges on an inmate's constitutional rights, the regulation is valid if it is "reasonably related" to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261–62, 96 L.Ed.2d 64 (1987); *Siddiqi v. Leak*, 880 F.2d 904, 909 (7th Cir.1989);

*Reed v. Faulkner*, 842 F.2d 960, 962 (7th Cir.1988).

In the case at bar, the defendant has articulated a rational, non-arbitrary basis for regulating inmate attire. In his affidavit, Gramley states that the Department of Corrections has set restrictions on what clothing inmates are allowed to possess in order "to minimize security risks." Gramley asserts that allowing an inmate to wear women's garments and makeup in an all-male prison could provoke and/or promote homosexual activity or assault, thereby creating safety and security risks. Gramley further maintains that an inmate dressed as a female poses an additional security risk because the potentially drastic "change in his identity" could facilitate an escape from prison.[2]

Moreover, accommodation of the plaintiff's asserted right would be unduly burdensome for prison officials. Providing a selection of female clothing and makeup at the prison commissary for one (or few) inmates would make little fiscal sense, apart from the additional inventorying such a venture would necessarily entail. Furthermore, inmates dressed as females undoubtedly would require heightened protection to avoid attack by intolerant or sexually aggressive fellow inmates.

■ The plaintiff's discrimination claim likewise fails. The plaintiff reasons that if women are allowed to wear pants, then he should be allowed to wear a dress. In the context of equal protection claims, the reasonableness of prison rules and policies must be examined to determine whether distinctions made between groups in prison are reasonably related to legitimate penological interests. *Williams v. Lane*, 851 F.2d 867, 877 (7th Cir.1988), *cert. denied*, 488 U.S. 1047, 109 S.Ct. 879, 102 L.Ed.2d 1001 (1989) (addressing unequal opportunities for different religious groups).

First, the plaintiff is treated no differently from any other similarly situated (i.e., male) inmate. In any case, the differential treatment between men and women cannot sensi-

---

**2.** Gramley further notes that the plaintiff is not a transsexual and has no medically documented need to wear women's clothing; the plaintiff's

Eighth Amendment argument already was rejected in the court's Order of April 27, 1992.

bly be compared. Wearing pants is now generally accepted for women; whether it is fair or not, society frowns on men wearing dresses. A female inmate will not be victimized for wearing pants, but a male inmate wearing a dress faces ridicule or, worse, physical assault.

 Finally, even assuming (without finding) that the defendant did violate the plaintiff's constitutional rights, the defendant is entitled to qualified immunity from damages. The plaintiff has no "clearly established" right to cross-dress. To the contrary, while the Seventh Circuit has not addressed the issue in the non-medical context, case law in other jurisdictions indicates there is no such right. *See, e.g., White v. Farrier,* 849 F.2d 322, 327 (8th Cir.1988); *Hill v. Estelle,* 537 F.2d 214 (5th Cir.1976). Furthermore, the court has become aware that the plaintiff raised the same claim in the Northern District of Illinois; that suit was dismissed as frivolous.[3]

In sum, no material facts are in dispute and the court concludes that the defendant is entitled to judgment as a matter of law. The defendant has set forth legitimate penological justifications for barring inmates from wearing female makeup and apparel. Furthermore, the plaintiff's equal protection claim is without merit. Regardless, the defendant is entitled to qualified immunity as the plaintiff had no clearly established right to cross-dress in prison. Accordingly, the defendant's motion for summary judgment will be granted and the plaintiff's motion for summary judgment will be denied.

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment (docket # 21) is denied.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment (docket # 18) is allowed. The Clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff pursuant to Fed.R.Civ.P. 56. The case is

terminated. The parties are to bear their own costs.

---

**3.** The plaintiff is reminded that the doctrine of *res judicata* bars re-litigation of matters already decided. While the prisons were different, the issues raised in both civil rights actions were identical. In the future, the court may impose sanctions if it appears that the plaintiff, a prolific litigator, has brought suit in this court in bad faith.