IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40039
Summary Calendar
_____

MICHAEL JAY WOODS, STEVEN RAY TOWNSEND,
and HENRY KATSURO GILBERT,

Plaintiffs-Appellants,

versus

WAYNE SCOTT, Director, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; ALLAN
B. POLUNSKY, Chairman; GARY JOHNSON,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Southern District of Texas
(C-95-CV-622)
_____
July 17, 1996

Before REAVLEY, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The above prisoners, all proceeding pro se, filed a civil

rights action against the executive officials responsible for the

Texas prison system pursuant to 42 U.S.C. §§ 1983, 1985, and

1986.  The prisoners sought injunctive relief and class

certification under Fed. R. Civ. P. 23(a).  The district court

_____

   [*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

determined the prisoners' claims lacked an arguable basis in law and dismissed the complaint as frivolous.  The prisoners appeal. We affirm.

The prisoners have brought forth two basic allegations. First, they assert that the prison grooming regulations violate their freedom of expression.  Second, they assert that the different grooming regulations for male and female prisoner in the Texas prison system violate the Equal Protection Clause.  An in forma pauperis complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact.[1]  We review a § 1915(d) dismissal for an abuse of discretion.[2]

The prisoners argue that prison regulations governing length of hair and the presence of facial hair violate their right of freedom of expression.  They also contend that these regulations serve no legitimate purpose.  We disagree.  We have noted, as have other courts, that prison regulations concerning hair length are rationally related to the goal of preventing the concealment of weapons and contraband in hair and beards.[3]  It also serves a

---

[1]28 U.S.C. § 1915(d); Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992); Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

[2]Denton, 112 S.Ct. at 1734.

[3]Powell v. Estelle, 959 F.2d 22, 25 (5th Cir.), cert. denied, Harrison v. McKaskle, 506 U.S. 1025 (1992); see Iron Eyes v. Henry, 907 F.2d 810 (8th Cir. 1990); Fromer v. Scully, 874 F.2d 69 (2d Cir. 1989); Pollock v. Marshall, 845 F.2d 656 (6th Cir.), cert. denied, 488 U.S. 987 (1988); Martinelli v. Dugger, 817 F.2d 1499, 1506 (11th Cir. 1987), 484 U.S. 1012 (1988).  The

2

purpose of preventing difficulties which arise in the identification of prisoners.[4] The prison regulations are reasonably related to legitimate penological interests.[5]

Next, the prisoners assert that the disparate grooming regulations for male and female inmates in Texas violate the Equal Protection Clause.  However, again, we have previously held this not to be true.[6]  As we have previously decided both issues against the prisoners, the district court did not abuse its discretion in dismissing their claims as frivolous.

Affirmed.

---

inmates insist that these weapons could just as easily be hidden in other places such as shirts or pants, therefore, there is no legitimate reason to establish grooming regulations.  We disagree.  We believe that the elimination of one of three locations a prisoner can hide a weapon is a valid regulation that is "reasonably related to legitimate penological interests."

[4]Powell, 959 F.2d at 25.

[5]Id.

[6]Hill v. Estelle, 537 F.2d 214 (5th Cir. 1976); see also Smith v. Bingham, 914 F.2d 740 (5th Cir. 1990), cert. denied, 499 U.S. 910 (1991) (denial of male prisoner right to attend classes at female prison did not violate Equal Protection Clause).  We add that the same penological interests of security which validated the grooming regulation against a freedom of expression claim, validate the claim as to an equal protection challenge.

3