# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 18, 2011

Lyle W. Cayce
Clerk

No. 10-41045
Summary Calendar

DAVID RASHEED ALI,

Plaintiff-Appellant

v.

NATHANIEL QUARTERMAN,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:09-CV-52

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Rasheed Ali, Texas prisoner # 1077767, appeals from the district court's dismissal pursuant to 28 U.S.C. § 1915A of his civil rights complaint as frivolous and for failure to state a claim. Ali contends that the district court erred in dismissing his claims that the Texas Department of Criminal Justice (TDCJ), through its director, violated his rights under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1, the Equal Protection Clause of the Fourteenth Amendment, the Free Exercise

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clause of the First Amendment, and the Establishment Clause of the First Amendment.  He also claims that the district court abused its discretion in denying his motion for a preliminary injunction, that the district court erred in denying him a jury trial, and that the district court erred in failing to allow the parties to consider a stay of the proceedings pending the resolution of a similar case filed in the Southern District of Texas.  At the heart of Ali's claims is his contention that his Muslim faith requires him to wear a fist-length beard and a white head covering known as a Kufi and that the TDCJ grooming and head-covering policies impede and infringe on his right to practice his religion.

A court should dismiss a complaint filed by a prisoner if the complaint is frivolous or fails to state a claim upon which relief may be granted.  *See* § 1915A(b)(1).  We review the dismissal of a complaint under § 1915A de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  A complaint is frivolous if it has no arguable basis in law or fact. *Id.*  When reviewing a dismissal for failure to state a claim, all well-pleaded facts are accepted as true and are viewed in the light most favorable to the plaintiff.  *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007).

Under RLUIPA, the government shall not impose a substantial burden on the religious exercise of a person residing in or confined to an institution unless the government can demonstrate that the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest. § 2000cc-1(a).  Ali bears the initial burden of proving that "the challenged government action 'substantially burdens' [his] 'religious exercise.'" *Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 613 (5th Cir. 2008).  If he meets this burden of proof, the burden shifts to the government to "demonstrate that its action was supported by a compelling interest and that the regulation is the least restrictive means of carrying out that interest." *Id*.

Through his pleadings and his *Spears* hearing testimony, Ali alleged that the TDCJ grooming policy, which requires that all inmates be clean-shaven except for those who have been granted a medical exemption, imposed a substantial burden on his religious exercise. He also responded to the state's interest in security and identification with alternatives to the grooming policy. For instance, he suggested that TDCJ could place two photographs on the identification card, one with a beard and one clean-shaven. He also suggested that, during routine searches, he could be required to run his fingers through his beard, as he is required to do through his hair, and that prison officials could use their hand-held metal detectors on his beard. Similarly, Ali alleged that the TDCJ head-covering policy, which allows inmates to wear religious caps within their cell and during religious services, imposed a substantial burden on his religious exercise, and he responded to the state's purported security concerns by proposing, inter alia, that prison officials could use hand-held metal detectors over his Kufi.

The respondent had the burden of disproving Ali's assertion by explaining why [Ali's] alternative policy would be unfeasible, or why it would be less effective in maintaining institutional security." *See* 42 U.S.C. § 2000cc-2(b); *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 335 (5th Cir. 2009) ("Some of these options might not prove feasible. . ."), *affirmed*, *Sossamon v. Texas*, 131 S.Ct. 1651 (2011). Here, the respondent did not answer the complaint, nor did any TDCJ official at the *Spears* hearing respond to the alternatives proposed by Ali and explain why same would be unfeasible or less effective in maintaining institutional security. *See id*. Thus, accepting Ali's allegations as true, it does not appear beyond doubt that Ali could prove no set of facts which would entitle him to relief on these allegations. *See Katrina Canal Breaches Litigation*, 495 F.3d at 205. Accordingly, we vacate the dismissal of Ali's RLUIPA claims and remand this issue for further proceedings.

To establish a Fourteenth Amendment Equal Protection Clause violation, Ali "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). Here, the district court did not err in dismissing Ali's claim that the grooming policy impermissibly discriminates on the basis of religion because it allows an exemption for medical reasons but not religious reasons. An inmate claiming a religious exemption from the TDCJ grooming policy is not, by definition, similarly situated to inmates receiving a medical exemption from the grooming policy. Additionally, the district court did not err in dismissing Ali's claim that the grooming policy impermissibly discriminates on the basis of gender. *See Longoria v. Dretke*, 507 F.3d 898, 904-05 (5th Cir. 2007) (rejecting argument that TDCJ's grooming policies violate male prisoners' equal protection rights because female prisoners are allowed to grow longer hair than male prisoners); *Hill v. Estelle*, 537 F.2d 214, 215-16 (5th Cir. 1976) (holding that disparate grooming policies for male and female inmates did not violate the Equal Protection Clause because the regulations did not impinge on a fundamental right or create a suspect classification).

Ali also appeals the dismissal of his First Amendment free exercise challenges to TDCJ's grooming and head-covering policies. In support, he argues that each policy is not neutral because inmates with a medical reason are given an exemption, while inmates with a religious reason are not so exempted, and further that there are obvious, easy alternatives available to TDCJ that do not impose a significant burden upon the department. However, Ali's First Amendment claim challenging the grooming policy is precluded by circuit precedent. *Green v. Polunsky*, 229 F.3d 486, 489-90 (5th Cir. 2000). His claim that the head-covering policy violates the Free Exercise Clause also fails. Nothing in the record supports Ali's contention that the TDCJ regulations allow for a medical exemption to the head-covering policy. Moreover, this court has

upheld TDCJ's restrictions on when and where a prisoner may wear a Kufi. *Muhammad v. Lynaugh*, 966 F.2d 901, 902 (5th Cir. 1992). Thus, Ali does not have a First Amendment right to wear a Kufi at times or in areas not permitted by prison rules. *Id.*

The record demonstrates that, until he filed his objections to the magistrate judge's report, Ali did not raise any claim challenging the policies at issue as violating the Establishment Clause of the First Amendment. Nevertheless, Ali's argument on appeal regarding his purported Establishment Clause claim is entirely conclusory, and he fails to address the issues relevant to such a claim. His failure to brief arguments renders the Establishment Clause issue abandoned. *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

In denying Ali's request for preliminary injunctive relief with respect to the TDCJ grooming policy, the district court determined, inter alia, that the request was moot because Ali had been granted a temporary medical exemption to the grooming policy. However, the temporary nature of the medical exemption, which may have expired in January 2011, reveals the continued presence of a live controversy between the parties over the validity of the grooming policy. *See Hope Medical Group for Women v. Edwards,* 63 F.3d 418, 422 (5th Cir. 1995). Because the district court's decision to deny injunctive relief rests, at least in part, on its erroneous conclusion that the request was moot, the district court's denial of Ali's motion for a preliminary injunction with respect to his RLUIPA claim challenging the grooming policy is vacated for the district court, on remand, to reexamine Ali's motion for preliminary injunctive relief. However, Ali fails to address the denial of injunctive relief regarding the head-covering policy: he therefore has abandoned that issue. *Hughes*, 191 F.3d at 613.

Ali has not demonstrated that he is entitled to a jury trial because he sought only declaratory and injunctive relief. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 193 (5th Cir. 2008) ("[U]nless Congress has expressly provided to the contrary, an injunction is an equitable remedy that does not

invoke a constitutional right to a jury trial."). Even if Ali had prayed for damages, he would not be entitled to a jury trial on remand as he is not entitled to monetary relief under RLUIPA. *See Sossamon v. Texas*, 131 S. Ct. 1651, 1663 (2011).

Finally, for the first time on appeal, Ali argues that the district court abused its discretion in dismissing his case without allowing the parties to consider a stay of the proceedings pending the resolution of a similar case. This court generally does not consider claims raised for the first time on appeal. *See Jennings*, 602 F.3d at 657 & n.7; *see also Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000) ("It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered.").

For the foregoing reasons, we AFFIRM the district court's dismissal of Ali's Equal Protection and First Amendment claims as frivolous and for failure to state a claim and the district court's denial of his motion for a preliminary injunction with respect to his RLUIPA claim challenging the head-covering policy. We VACATE and REMAND the dismissal of Ali's RLUIPA claims and his motion for preliminary injunction with respect to his RLUIPA claim challenging the grooming policy for further proceedings consistent with this opinion. We express no view as to the ultimate resolution of these issues.